IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD WOOD, <br><br> Plaintiff, <br> v. <br><br> CAROLYN W. COLVIN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:15-cv-888 BCW <br><br><br> Magistrate Judge Brooke Wells |

In accordance with Federal Rule of Civil Procedure 73 and based upon the parties' consent,[1] this matter is before the undersigned on Plaintiff Richard Wood's appeal from the denial of his claim for Supplemental Security Income (SSI). Mr. Wood alleges he is disabled "on the basis of the effects of stroke, depression, pain, memory loss, speech delays, and anxiety."[2] Mr. Wood alleges disability beginning on December 1, 2009.[3] After review of the parties' briefing, the Administrative Law Judge's (ALJ) decision, the record of proceedings in this case and relevant case law, the undersigned affirms the decision of the Commissioner.

BACKGROUND[4]

This appeal relates to Mr. Wood's application for SSI filed on August 31, 2012 alleging disability beginning on December 1, 2009. After the claim was denied initially and upon reconsideration, Mr. Wood requested a hearing before an ALJ. The hearing was held on July 31,

---

[1] Docket no. 21.

[2] Opening brief p. 1, docket no. 25.

[3] Tr. 22. Tr. refers to the transcript of the record before the court.

[4] The parties fully set forth the background of this case, including the medical history, in their memoranda. The court does not repeat this background in full detail. The reader desiring a more extensive history is directed to the record and briefing of the parties.

2014 in St. George, Utah. Mr. Wood testified at the hearing along with Victoria Rei a vocational expert.

Mr. Wood testified that he was involved in a car accident in December 2009 and claimed he had the following limitations: 1) chronic migraine headaches; 2) body aches i.e. pain that is characterized as fibromyalgia; 3) memory and speech problems; 4) depression; and anxiety.[5] When asked during the hearing whether there is any work he could perform, Mr. Wood testified no, and that his pain on a one to 10 scale was "above 10" when it was at its worst.[6] Following the hearing, the ALJ issued a written decision finding Mr. Wood, who was 62 at the time of the hearing, not disabled and concluding he could perform other work in the national economy.

At steps one, two and three of the sequential evaluation process,[7] the ALJ found that Mr. Wood had not engaged in substantial gainful activity since August 31, 2012; he had the severe impairments of degenerative disc disease of the cervical spine, major depressive disorder, personality disorder NOS with dependent and obsessive features, anxiety disorder, and cognitive disorder;[8] and he did not have an impairment or combination of impairments that met or medically equaled the Listings.

The ALJ then determined that based on the entire record, that Mr. Wood had the residual functional capacity (RFC) to perform medium work as set forth in 20 CFR 416.967(c) except "he could occasionally climb ladders, ropes and scaffolds, crawl and crouch and frequently climb ramps and stairs, balance, stoop and kneel."[9] In addition, he could occasionally reach overhead with both his arms and is able to "understand, remember and carry out work instructions, and

---

[5] Tr. 44-45.

[6] Tr. 47.

[7] *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988).

[8] Tr. 24.

[9] Tr. 26.

exercise judgment to perform work tasks that are commensurate with the functions of the full range of unskilled work, with brief and superficial interaction with supervisors, coworkers and the public."[10]  The ALJ noted that despite Mr. Wood's allegations of disability since December 1, 2009, the record was void of any treatment for his alleged impairments until January 2011.  The ALJ also determined that the record did not support the severity of symptoms alleged by Mr. Wood and there were "statements by doctors suggesting the claimant was engaging in possible malingering or misrepresentation."[11]

At step four the ALJ found that Mr. Wood has no past relevant work.[12]  Then, at step five, the ALJ found based on the testimony of the vocational expert and Plaintiff's RFC, there were jobs that existed in significant numbers in the national economy that Mr. Wood could perform.  These jobs included hand packager,[13] machine packager[14] and machine feeder.[15]  The ALJ concluded that a finding of not disabled was warranted.

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[16]  "Substantial evidence is such relevant evidence as a reasonable mind might accept

---

[10] *Id.*

[11] Tr. 30.

[12] Mr. Wood was self-employed for many years as the owner of a drive-in theater.  Tr. 128, 204-05.

[13] D.O.T. #920.587-018, unskilled medium with 1.7 million jobs.  D.O.T. stands for the Dictionary of Occupational Titles.

[14] D.O.T. @920.685-078, unskilled medium with 1.6 million jobs.

[15] D.O.T. #699.686-010, unskilled medium with 1.4 million jobs.

[16] *Madrid v. Barnhart*, 447 F.3d 788, 790 910th Cir. 2006).

3

as adequate to support a conclusion."[17] It requires more than a scintilla, but less than a preponderance of evidence.

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[18] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[19] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[20] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[21] Further, the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[22]

## DISCUSSION

Mr. Wood asserts the "critical issue in this appeal is whether the ALJ was correct in finding Wood capable of performing medium work."[23] Allegedly, if there was a finding of a lessor exertional level, such as light or sedentary, Mr. Wood would have been found disabled under the medical-vocational guidelines or grids.[24] Mr. Wood contends the ALJ erred by failing to properly evaluate his pain and "evaluated the effect of [his] pain solely on the basis of objective evidence."[25] Mr. Wood also takes issue with how the ALJ determined his RFC

---

[17] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

[18] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).

[19] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[20] *Lax*, 489 F.3d at 1084 (citation omitted).

[21] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[22] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).

[23] Opening brief p. 2.

[24] *See* 20 C.F.R. Pt. 404, Subpart P, Appendix 2.

[25] Opening brief p. 4.

4

arguing the ALJ pick and chose some evidence while neglecting other evidence. In addition, the ALJ erred by failing to do a function-by-function. Mr. Wood further argues that the ALJ failed to adequately consider his migraine headaches and failed to account for his mental limitations. The Commissioner contests each of these arguments.

    A. The ALJ did not commit error in making Mr. Wood's pain determination

"'The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.'"[26]

The ALJ cited to a lack of evidence supporting fibromyalgia and noted that Mr. Wood had never been diagnosed or sought treatment for it. The ALJ also considered other evidence surrounding Mr. Wood's claims of pain. For example the ALJ noted his daily activities,[27] the gap in treatment sought by Mr. Wood,[28] medical evidence that undermined allegations of disabling pain[29] and statements by doctors suggesting Mr. Wood was engaging in malingering or misrepresentation.[30] Such considerations are consistent with what the ALJ was required to do under the Regulations.[31] Contrary to Mr. Wood's arguments, the ALJ's analysis does not run counter to the instruction in *Luna v. Bowen*[32] regarding a pain analysis and the mere fact that the Commissioner allegedly addressed the pain arguments in "one paragraph" is not a basis for remand.

---

[26] *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987) (quoting *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984)).

[27] Tr. 25.

[28] Tr. 27.

[29] Tr. 27.

[30] Tr. 30

[31] *See* 20 C.F.R. § 416.929.

[32] 834 F.2d 161, 164 (10h Cir. 1987).

B. The RFC determination was proper and there was no error in a function-by-function analysis

The ALJ found that Mr. Wood had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c). "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."[33] The ALJ further qualified the RFC adding certain items and restricting others such as limiting interaction with supervisors, coworkers and the public.[34]

In support of this finding the ALJ thoroughly reviewed the medical evidence. The ALJ considered findings of the state agency medical consultants, discounted the opinion of Sean Stucki, PA-C a treatment provider, because he is not an acceptable medical source,[35] considered the brief mental health treatment received by Mr. Wood and examined the opinion of Tim Kockler, Ph.D., the psychological consultative examiner. Along with considering other physician opinions, the ALJ explicitly states that the non-medical opinion of Mr. Wood's friend, Julie Anne Beck, was also considered.[36]

Plaintiff takes further issue with the ALJ's RFC determination arguing that Social Security Ruling 96-8 requires a function-by-function assessment in this case. Mr. Wood argues that the ALJ's analysis failed to address "the critical limitations of lifting, standing and walking, all of which are required by medium exertion."[37]

---

[33] 20 C.F.R. § 416.967.

[34] Tr. 26.

[35] *See* 20 C.F.R. § 416.913(a).

[36] Tr. 30.

[37] Reply p. 3, docket no. 32.

6

Social Security Ruling 96–8p provides that "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."[38] The Ruling states further that an ALJ's "[i]nitial failure to consider an individual's ability to perform the specific work-related functions *could* be critical to the outcome of a case."[39]

The court agrees with Plaintiff that *Hendron v. Calvin*,[40] cited to by the Commissioner, does not render SSR 96-8p obsolete, but its reasoning is helpful to the current analysis. In *Hendron* the Tenth Circuit held that an ALJ did not overlook a claimant's problems with sitting even though the ALJ did not make findings regarding all the elements of sedentary work. Instead the court looked to the entire analysis as a whole including the findings made at step 4 and 5. The *Hendron* court also relied on the principles found in *Keyes-Zachary v. Astrue*.[41] "'Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal. In conducting our review, we should, indeed must, exercise common sense…. [W]e cannot insist on technical perfection.'"[42]

The ALJ in this matter did not explicitly discuss lifting, standing and walking. But, those functionalities were inherent within the ALJ's analysis of medical records and Mr. Wood's daily activities. For example, Mr. Wood drove himself to an appointment in 2012 and had no trouble locating the office or participating in testing. Mr. Wood had no problem with personal care, would go outside once a day, goes to stores with his friend and goes fishing. There are no

---

[38] SSR 96–8p, 1996 WL 374184, at *3.

[39] *Id*.

[40] 767 F.3d 951, 956-57 (10th Cir. 2014).

[41] 695 F.3d 1156, 1166 (10th Cir. 2012).

[42] *Hendron v. Colvin*, 767 F.3d at 957 (quoting *Keyes-Zachary*, 695 F.3d at 1166).

complaints in the record from Mr. Wood that he had trouble standing or walking during these activities. Finally, multiple treatment notes provided that Mr. Wood had 5/5 motor strength. In following the reasoning of *Keyes*, as set forth in *Hendron*, the court can follow the ALJ's reasoning and does not need technical perfection. This is not a case where the ALJ's decision is void of analysis or reasoning.

Therefore, the court rejects Mr. Wood's arguments concerning the ALJ's RFC determination and finds that it is supported by substantial evidence. The court declines Mr. Wood's invitation to reweigh the evidence.[43]

Finally, the court has carefully reviewed Plaintiff's arguments regarding migraine headaches and mental limitations and finds them unpersuasive. The ALJ found that Plaintiff had limitations and rejected Mr. Wood's complaints of migraine headaches finding them "well controlled with medication."[44] An ALJ is required to consider all of the evidence; but need not discuss all of it.[45] The ALJ's consideration of these alleged ailments, including the mental limitations, was sufficient under this standard.

## ORDER

For the reasons set forth above the court affirms the decision of the Commissioner.

DATED this 12 May 2017.

Brooke C. Wells
United States Magistrate Judge

---

[43] *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) ("We review only the sufficiency of the evidence and not its weight.").

[44] Tr. 25.

[45] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).